# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PATRICK WAYNE MCCLENAHEN,

              Plaintiff,

-vs-                                                  Case No. 6:09-cv-303-Orl-28GJK

MICHAEL J. ASTRUE, Commissioner of Social Security,

              Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **COMMISSIONER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) (Doc. No. 47)** |
| **FILED:** | **January 7, 2010** |

    **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. BACKGROUND

On June 30, 2004, *pro se* plaintiff, Patrick Wayne McClenahen ("Plaintiff"), filed an application for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI"). R. 72-74, 88. The SSI claim was granted initially based on a psychological evaluation performed on September 30, 2004. R. 25. Plaintiff's DIB claim was denied because the Plaintiff's alleged onset date of disability, December 31, 2003, was after his date last insured, September 30, 2001. *Id.* Plaintiff did not request reconsideration of his DIB

claim. *Id.* However, he did request reconsideration of his SSI claim. R. 26. Plaintiff's request for reconsideration of his SSI claim was denied because he was awarded SSI and "there [was] actually nothing to reconsider." R. 33, 37.

On February 11, 2009, Plaintiff requested an administrative hearing regarding his SSI claim. R. 40. On September 12, 2006, Administrative Law Judge William H. Greer (the "ALJ") held a hearing on the Plaintiff's SSI and DIB claim. R. 205-24. At the hearing, Plaintiff's representative explained that Plaintiff actually meant to file a DIB claim and amended his alleged onset date of disability to March 31, 1998. *Id.* On December 11, 2006, the ALJ issued a decision on the Plaintiff's applications. R. 25-26. The ALJ stated that although Plaintiff purportedly meant to file a DIB claim, it was not properly before the ALJ. R. 25. He affirmed the SSI claim, finding Plaintiff disabled as of June 1, 2004. R. 26.

Plaintiff requested review of the ALJ's decision by the Appeals Council. R. 18-21. On February 24, 2009, the Appeals Council entered a decision (herein, the "Appeals Council Decision") granting the Plaintiff's request "under the error of law and new and material evidence provisions of the Social Security Administration regulations." R. 9 (citations omitted). The Appeals Council found that good cause existed to accept an amended onset of disability, and further found that Plaintiff became disabled on March 31, 1998. *Id.* Therefore, the Appeals Council determined that Plaintiff was entitled to a period of disability beginning March 31, 1998 and DIB. R. 11. The Appeals Council also stated:

> The Social Security Administration must also determine whether the [Plaintiff] meets the income and resources and other eligibility requirements for [SSI] payments, and if the [Plaintiff] is eligible, the amount and the month(s) for which the [Plaintiff] will receive payment.

2

> The [Plaintiff] will receive a notice from another office of the Social
> Security Administration when that office makes those determinations.

*Id.*

    A.  <u>Plaintiff's Complaint</u>

On February 17, 2009, prior to the Appeals Council Decision, Plaintiff filed a complaint against the Social Security Administration ("Defendant" and/or "Commissioner"). Doc. No. 1. On April 22, 2009, Plaintiff filed an amended complaint ("Amended Complaint"). Doc. No. 18. Plaintiff attached to the Amended Complaint the Appeals Council Decision. *Id.* From the Amended Complaint, it appears that at the time of its filing Plaintiff was not aware of the Appeals Council Decision awarding him SSI and DIB. *Id.* Therefore, to the extent Plaintiff filed this appeal regarding his DIB claim, the Amended Complaint is moot because he was awarded DIB. On October 23, 2009, Plaintiff filed a Memorandum in Support of Amended Complaint Brief ("Memorandum"). Doc. No. 41. Plaintiff attaches the February 24, 2009 Appeals Council Decision finding Plaintiff disabled as of March 31, 1998 and awarding DIB. *Id.* Plaintiff also attaches a Notice of Award letter ("Notice of Award Letter") that states the Social Security Administration is paying him DIB beginning June 2003. Doc. No. 41; *See* Doc. No. 41-1. In the Memorandum, Plaintiff states that he is entitled to DIB beginning March 31, 1998, rather than June 2003. Doc. No. 41. Therefore, it appears the Appeals Council found Plaintiff disabled commencing March 31, 1998, and Plaintiff challenges the Notice of Award to the extent it suggests an award of such benefits commencing in June of 2003. *Id.*

3

B.  Defendant's Motion to Dismiss

On January 7, 2010, Defendant filed a Motion for Leave to File Motion to Dismiss Out of Time ("Motion for Leave"). Doc. No. 46.  Defendant also filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (the "Motion to Dismiss"). Doc. No. 47.  Defendant seeks dismissal of Plaintiff's case for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies prior to filing this appeal. *Id.*  Defendant states that because Plaintiff now contests the date his DIB payments begin, as opposed to whether he is entitled to DIB, his claim is not properly before the Court. *Id.* at 6-7.  More specifically, Defendant states that "there has been no 'final Agency decision' with respect to the [Defendant]'s Notice of Award [L]etter . . ." *Id.* at 7.  Defendant maintains that determinations regarding when the eligibility period starts for DIB are initial determinations of the Commissioner and, if a beneficiary disagrees with such determination, a beneficiary may file a request for reconsideration and for hearing. *Id.* at 9.  The Defendant states that because Plaintiff did not request reconsideration or a hearing in his case, he failed to exhaust his administrative remedies, precluding this Court of subject matter jurisdiction. *Id.*

On January 25, 2010, Plaintiff filed a response ("Response") in opposition to Defendant's Motion to Dismiss. Doc. No. 51.  Plaintiff states that the Appeals Council Decision states Plaintiff may appeal its decision to this Court. *Id.*  Plaintiff states that the Notice of Award Letter "constitutes willful and illegal disobedience of the Appeals Council [sic] clear order to pay the plaintiff disability insurance benefits from March 31, 1998 on." *Id.*  Thus, although Plaintiff claims this Court has subject matter jurisdiction based on the Appeal's Council Decision, his Memorandum and Response unequivocally reveal that, in fact, he is appealing the Notice of

4

Award Letter because it suggests an award of DIB beginning June 2003, as opposed March 31, 1998. Doc. Nos. 41, 51.

## II. THE LAW

### A. Standard of Review

By motion, a party can challenge a complaint for "lack of subjection-matter jurisdiction" and for plaintiff's "failure to state a claim upon which relief can be granted". Fed. R. Civ. P. 12(b). When ruling on a motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). To satisfy the Rule 8 pleading requirements, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

"In deciding a motion to dismiss, the Court's analysis is limited to the four corners of the plaintiff's complaint and the attached exhibits." *Serrano v. U.S.*, No. 07-22346-CIV, 2008 WL 343490 at *1 (S.D. Fla. Feb. 5, 2008) (*citing Grossman v. Nationsbank*, 225 F.3d 1228, 1231 (11th Cir. 2000)). Any exhibits attached to the complaint become part of the complaint for a motion to dismiss. *Bland v. Freightliner LLC*, 206 F. Supp. 2d 1202, 1204 (M.D. Fla. 2002).

B.     Subject Matter Jurisdiction

According to the first sentence of 42 U.S.C. § 405(g), until a party has fully exhausted his or her administrative appellate remedies by going through the Department, a federal district court does not have subject matter jurisdiction. *See Cochran v. U.S. Health Care Financing Admin.*, 291 F.3d 775, 779 (11th Cir. 2002). Section 405(g) states:

> (g) Judicial review
>
> <u>Any individual, after any final decision of the [Secretary] made after a hearing to which he was a party</u>, irrespective of the amount in controversy, <u>may obtain a review of such decision by a civil action, commenced within sixty days after the mailing to him of notice of such decision</u> or within such further time as the [Secretary] may allow. . .

42 U.S.C. § 405(g) (emphasis added). Only under Section 405(g) may a party to a final decision by the Secretary or the Department obtain review before a district court. *Heckler v. Ringer*, 466 U.S. 605, 614 (1984) (holding that for claims arising under the Act, 42 U.S.C. § 405(g) was the only basis which provides a federal district court subject matter jurisdiction to review a final determination of the Secretary or the Department); *see also Weinberger v. Salfi*, 422 U.S. 749, 760-61 (1975).

## III.    ANALYSIS

The Appeals Council Decision and the Notice of Award Letter are treated as part of the Amended Complaint. The Appeals Council Decision is a favorable decision awarding Plaintiff DIB for a period of disability commencing March 31, 1998. Plaintiff appears to be contesting the Notice of Award Letter as opposed to the Appeals Council Decision because the Notice of Award Letter indicates that his eligibility period begins in June of 2003, as opposed to March

31, 1998. *See* Memorandum at Doc. No. 41.[1] Plaintiff only attached a portion of the Notice of Award Letter. However, the Court may consider the full text of documents relied on by Plaintiff in the Amended Complaint and provided by the Defendant. *See, e.g., Hekker v. Ideon Group, Inc.,* No. 95-681-Civ-J-16, 1996 WL 578335 at \*2 (M.D. Fla. Aug. 19, 1996) (citing *San Leandro Emergency Medical Group Profit Sharing Plan v. Philip Morris Companies, Inc.*, 75 F.3d 801 (2d Cir.1996) ("Such cases hold that where documents are quoted in or are central to plaintiff's complaint, and the plaintiff has failed to provide the entire document with the complaint, the defendant may submit, and the court may consider, those documents in connection with a motion to dismiss.")).

>   The Notice of Award Letter states:
>
>> If you disagree with this decision, you have the right to appeal. We will review your case and consider any new facts you have. A person who did not make the first decision will decide your case. We will correct any mistakes. We will review those parts of the decision which you believe are wrong and will look at any new facts you have. We may also review those parts which you believe are correct and may make them unfavorable or less favorable to you.
>> - You have 60 days to ask for an appeal.
>>
>>    . . . .
>> - You have to ask for an appeal in writing. We will ask you to sign a form SSA-561-U2, called "Request for Reconsideration". Contact one of our offices if you want help.

Doc. No. 47-1 at 3-4. Therefore, the Notice of Award Letter provides a process for administrative review.

The authority to determine what constitutes a "final decision" ordinarily rests with the Commissioner. *See Mathews v. Eldridge*, 424 U.S. 319, 330 (1976). Plaintiff has not alleged that

---

[1] Although the Appeals Council Decision states that the Plaintiff will receive a notice from another office of the Social Security Administration when that office makes an eligibility determination, it appears to be limited to SSI which is not at issue in this case. Doc. No. 41-1 at 3.

he exhausted his administrative remedies as to the Notice of Award Letter. Accordingly, it is recommended that the Court find the Amended Complaint should be dismissed for lack of subject matter jurisdiction under 42 U.S.C. § 405(g). *See Cochran*, 291 F. 3d at 779.[2]

### III. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that Defendants' Motion to Dismiss (Doc. No. 47) be **GRANTED** and the Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**The Clerk is directed to send a copy of this Report and Recommendation to the Plaintiff by Certified Mail**.

Recommended in Orlando, Florida on April 2, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[2] Another argument raised by the Defendant is that pursuant to 20 C.F.R. § 404.902(a), (b) and (c), determinations about when the eligibility period for DIB starts are initial determinations of the Commissioner. *Id.* 20 C.F.R. § 404.902 states:

> Initial determinations are the determinations we make that are subject to administrative and judicial review. We will base our initial determination on the preponderance of the evidence. We will state the important facts and give the reasons for our conclusions in the initial determination. In the old age, survivors' and disability insurance programs, initial determinations include, but are not limited to, determinations about--
> 
> a) Your entitlement or your continuing entitlement to benefits;
> b) Your reentitlement to benefits;
> c) The amount of your benefit . . .

*Id.* Under 20 C.F.R. § 404.905, "[a]n initial determination is binding unless you request a reconsideration within the stated time period, or we revise the initial determination." *Id.*

Copies furnished to:
Presiding District Court Judge
Counsel of Record
Plaintiff by Certified Mail