# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PATRICK WAYNE MCCLENAHEN,**

**Plaintiff,**

**-vs-**                                          **Case No.  6:09-cv-303-Orl-28GJK**

**MICHAEL J. ASTRUE, Commissioner of Social Security,**

**Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| |
|---|
| **MOTION:**  **MOTION TO REOPEN CASE (Doc. No. 59)** |
| **FILED:**        **October 25, 2010** |
| _____ |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. |

## I.      Background

On June 30, 2004, *pro se* plaintiff, Patrick Wayne McClenahen ("Plaintiff"), filed an application for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI"). R. 72-74, 88.   The SSI claim was granted initially based on a psychological evaluation performed on September 30, 2004. R. 25.  Plaintiff's DIB claim was denied because the Plaintiff's alleged onset date of disability, December 31, 2003, was after his date last insured, September 30, 2001. *Id.*   Plaintiff did not request reconsideration of his DIB claim. *Id.*  However, he did request reconsideration of his SSI claim.  R. 26.  Plaintiff's request

for reconsideration of his SSI claim was denied because he was awarded SSI and "there [was] actually nothing to reconsider." R. 33, 37.

On February 11, 2009, Plaintiff requested an administrative hearing regarding his SSI claim. R. 40.  On September 12, 2006, Administrative Law Judge William H. Greer (the "ALJ") held a hearing on the Plaintiff's SSI and DIB claim. R. 205-24.  At the hearing, Plaintiff's representative explained that Plaintiff actually meant to file a DIB claim and amended his alleged onset date of disability to March 31, 1998. *Id.* On December 11, 2006, the ALJ issued a decision on the Plaintiff's applications. R. 25-26.  The ALJ stated that although Plaintiff purportedly meant to file a DIB claim, it was not properly before the ALJ. R. 25.  He affirmed the SSI claim, finding Plaintiff disabled as of June 1, 2004. R. 26.

Plaintiff requested review of the ALJ's decision by the Appeals Council. R. 18-21.  On February 24, 2009, the Appeals Council entered a decision (herein, the "Appeals Council Decision") granting the Plaintiff's request "under the error of law and new and material evidence provisions of the Social Security Administration regulations." R. 9 (citations omitted).  The Appeals Council found that good cause existed to accept an amended onset of disability, and further found that Plaintiff became disabled on March 31, 1998. *Id.*  Therefore, the Appeals Council determined that Plaintiff was entitled to a period of disability beginning March 31, 1998 and DIB. R. 11.  The Appeals Council also stated:

> The Social Security Administration must also determine whether the [Plaintiff] meets the income and resources and other eligibility requirements for [SSI] payments, and if the [Plaintiff] is eligible, the amount and the month(s) for which the [Plaintiff] will receive payment. The [Plaintiff] will receive a notice from another office of the Social Security Administration when that office makes those determinations.

2

*Id.*

## II.    Plaintiff's Complaint

On February 17, 2009, prior to the Appeals Council Decision, Plaintiff filed a complaint against the Social Security Administration ("Defendant" and/or "Commissioner"). Doc. No. 1. On April 22, 2009, Plaintiff filed an amended complaint ("Amended Complaint"). Doc. No. 18. Plaintiff attached to the Amended Complaint the Appeals Council Decision. *Id.*   From the Amended Complaint, it appears that at the time of its filing Plaintiff was not aware of the Appeals Council Decision awarding him SSI and DIB. *Id.* Therefore, to the extent Plaintiff filed this appeal regarding his DIB claim, the Amended Complaint is moot because he was awarded DIB. On October 23, 2009, Plaintiff filed a Memorandum in Support of Amended Complaint Brief ("Memorandum"). Doc. No. 41.  Plaintiff attaches the February 24, 2009 Appeals Council Decision finding Plaintiff disabled as of March 31, 1998 and awarding DIB. *Id.*   Plaintiff also attaches a Notice of Award letter ("Notice of Award Letter") that states the Social Security Administration is paying him DIB beginning June 2003. Doc. No. 41; *See* Doc. No. 41-1.  In the Memorandum, Plaintiff states that he is entitled to DIB beginning March 31, 1998, rather than June 2003. Doc. No. 41.   Therefore, it appears the Appeals Council found Plaintiff disabled commencing March 31, 1998, and Plaintiff challenges the Notice of Award to the extent it suggests an award of such benefits commencing in June of 2003. *Id.*

On January 7, 2010, Defendant filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (the "Motion to Dismiss"). Doc. No. 47.  Defendant sought dismissal of Plaintiff's case for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies prior to filing this appeal. *Id.*  Defendant stated that "there has been no 'final Agency

decision' with respect to the [Defendant]'s Notice of Award [L]etter . . ." *Id.* at 7.   On January 25, 2010, Plaintiff filed a response in opposition. Doc. No. 51.

On April 2, 2010, the Court entered a Report and Recommendation ("Report and Recommendation") recommending that the Motion to Dismiss be granted and the Amended Complaint be dismissed for lack of subject matter jurisdiction under 42 U.S.C. § 405(g). Doc. No. 55; *see Cochran v. U.S. Health Care Financing Admin.*, 291 F.3d 775, 779 (11th Cir. 2002) (according to the first sentence of 42 U.S.C. § 405(g), until a party has fully exhausted his or her administrative appellate remedies by going through the Department, a federal district court does not have subject matter jurisdiction).   On May 6, 2010, Judge John Antoon entered an Order granting the Motion to Dismiss, adopting the Report and Recommendation and directing the Clerk to close the case. Doc. No. 58.

On October 25, 2010, Plaintiff filed a letter requesting that his case be reopened (the "Motion to Reopen"). Doc. No. 59.   Plaintiff maintains that the case was erroneously closed because the Court was under the mistaken belief that Plaintiff had not exhausted his administrative remedies. *Id.* On November 8, 2010, Defendant filed a response ("Response") in opposition to the Motion to Reopen. Doc. No. 63.   As argued in the Motion to Dismiss, Defendant maintains that the Court lacks subject matter jurisdiction over the Plaintiff's Amended Complaint because he has not exhausted his administrative remedies with respect to the Notice of Award Letter. *Id.*   More specifically, Defendant states that an administrative hearing was scheduled for November 16, 2010, and an administrative decision would follow. *Id.* at 7.   Until such decision is issued, the Plaintiff has not obtained a "final Agency decision" that is subject to this Court's review. *Id.*

4

The Court adopts and incorporates herein the April 2, 2010 Report and Recommendation.  At this point, neither party has indicated that a final administrative decision has been issued with respect to Plaintiff's appeal of the Notice of Award Letter.  Accordingly, it is recommended that the Court find Plaintiff has not exhausted his administrative remedies and this Court lacks subject matter jurisdiction over his Amended Complaint. *Id.* Therefore, it is **RECOMMENDED** that Defendants' Motion to Reopen (Doc. No. 59) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**The Clerk is directed to send a copy of this Report and Recommendation to the Plaintiff by Certified Mail**.

Recommended in Orlando, Florida on January 5, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Court Judge
Counsel of Record
Plaintiff by Certified Mail